

# THE ATTORNEY GENERAL
## OF TEXAS    *C - 686 overruled By C - 686-a in Part*

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 16, 1966

Mr. Lester E. Harrell, Jr.          Opinion No. C-686
Acting Commissioner of
 Higher Education                    Re: Responsibility of the Coordinating
Sam Houston State Office                 Board, Texas College and Univer-
 Building                                sity System, relating to new
Austin, Texas                            construction projects and institu-
                                         tions of higher education under
                                         the provisions of Section 15 of
                                         House Bill 1, Acts of 59th Legis-
                                         lature, Regular Session, 1965,
Dear Mr. Harrell:                        Chapter 12, page 27.

Your request for an opinion asks the following questions:

"1. Does the Coordinating Board have statutory
    responsibility to approve all new construc-
    tion projects costing over $100,000.00
    regardless of how the new facilities will
    be used? For example, may an institution
    build a dormitory financed by revenue bonds
    without obtaining the Coordinating Board's
    approval.

"2. Does the Coordinating Board have statutory
    responsibility to approve all new construc-
    tion projects costing over $100,000.00
    financed in part with any amount of funds
    from sources other than Constitutional
    Funds which are authorized by Sections 11,
    17, or 18 of Article VII of the Constitution
    of Texas and ad valorem tax receipts of the
    public junior colleges? May an institution
    of higher education avoid Coordinating Board
    approval by involving constitutionally-
    provided funds or ad valorem tax receipts
    (in any amount) in the financing of a
    construction project.

"3. Can the Coordinating Board require approval
    by it of all new construction, as specified
    in the answers to the questions above, before
    an institution can submit an application for
    a matching grant under Public Law 88-204, the
    Higher Education Facilities Act of 1963?

-3294-

"4. Does the Coordinating Board have statutory
responsibility to approve any repair, costing
over $25,000.00 of educational and general
buildings regardless of the source of funds
used to finance such repair projects?

"5. Does the Coordinating Board have statutory
responsibility to endorse all proposals to
purchase real property, exeept those proposals
of public junior colleges, regardless of sources
of funds and regardless of how the property will
be used? Must an institution obtain the approval
of the Legislature after the Coordinating Board
has endorsed the purchase of real property."

Section 15 of House Bill 1, Acts of the 59th Legislature, Regular Session, 1965, Chapter 12, Page 27, codified in Vernon's as Article 2919e-2, Vernon's Civil Statutes, reads as follows:

"To assure efficient use of construction funds and
the orderly development of physical plants to accommodate
projected college student enrollments, the Board shall:

"(1) Determine formulas for space utilization in all
educational and general buildings and facilities at
institutions of higher education;

"(2) Devise and promulgate methods to assure maximum
daily and year-round use of educational and general build-
ings and facilities including but not limited to maximum
scheduling of day and night classes and maximum summer
school enrollment;

"(3) Consider plans for selective standards of admission
when institutions of higher education approach capacity
enrollment;

"(4) Require, and assist the public senior colleges
and universitiee, medical and dental units and other
agencies of higher education in developing, long-range
plans for campus development;

"(5) Endorse or delay until the next succeeding session
of the Legislature shall have opportunity to approve or
disapprove the proposed purchase of any real property by
an institution of higher education, except public junior
colleges;

"(6)  Develop and publish standards, rules and regulations to guide the institutions and agencies of higher education in making application for the approval of new construction and major repair and rehabilitation of educational and general buildings and facilities; and

"(7)  Approve or disapprove all new construction, and repair and rehabilitation of educational and general buildings and facilities at institutions of higher education financed from any source other than ad valorem tax receipts of the public junior colleges; provided (1) that the Board's consideration and determination shall be limited to the purpose for which such new or remodeled buildings shall be used and its gross dimensions to assure conformity with approved space utilization standards and the institution's approved programs and role and scope, (2) that such approval for new construction financed from other than appropriated funds shall be limited to projects the total cost of which is in excess of $100,000.00, and (3) that such approval for major repair and rehabilitation of buildings and facilities shall be limited to projects the total cost of which is in excess of $25,000.00; and provided further that such required approval or disapproval of the Board shall not apply to construction, repair or rehabilitation involving the use of Constitutional Funds which are authorized by Sections 11, 17, or 18 of Article VII of the Constitution of Texas."

In answer to your first question, Subdivision 7 of Section 15 of Article 2919e-2, Vernon's Civil Statutes, requires the approval or disapproval of the Coordinating Board on all new construction financed from any source other than ad valorem tax receipts of the public junior colleges provided (1) that the new construction total cost is in excess of $100,000.00 and (2) that the new construction is financed from other than appropriated funds.  You are, therefore, advised that the Coordinating Board has the statutory responsibility to approve all new construction projects costing over $100,000.00 which are financed from other than appropriated funds regardless of how the new facilities will be used.  The illustration described in your first question would require the approval of the Coordinating Board.

The concluding proviso of Subdivision 7 of Section 15 reads:

". . .provided further that such required approval or disapproval of the Board shall not apply to construction, repair or rehabilitation involving the use of Constitutional

Funds which are authorized by Sections 11, 17, or 18
of Article VII of the Constitution of Texas."

This proviso applies to all construction referred to in
Section 15.  Therefore, in answer to your second question, you are
advised that if the new construction project involves the use of
constitutional funds authorized by Sections 11, 17, or 18 of Article
VII of the Constitution of Texas, the approval or disapproval of
the Coordinating Board is not required on such construction pro-
jects, regardless of whether funds other than constitutional funds
are also used in the construction project.  Therefore, construction
projects financed "from any source other than ad valorem tax re-
ceipts of the public junior colleges" must have the approval of the
Coordinating Board unless such projects are financed exclusively
from such ad valorem tax receipts or unless the construction
project involves the use of constitutional funds authorized by
Section 11, 17, or 18 of Article VII of the Constitution of
Texas.

Since the provisions of Section 15 quoted above are
mandatory, you are advised in answering your third question, that
whenever a construction project required the approval of the
Coordinating Board, the Coordinating Board may require approval
by it before an institution can submit an application for a
matching grant under Public Law 88-204, the Higher Education
Facilities Act of 1963, when such application is for a construc-
tion project requiring the approval of the Coordinating Board
as outlined in our answer to questions one and two.

In answer to your fourth question, the approval of any
major repair and rehabilitation of buildings and facilities the
total cost of which is in excess of $25,000.00, applies only to
(1) projects financed from any source other than ad valorem tax
receipts of the public junior colleges, or (2) does not involve
the use of constitutional funds authorized by Sections 11, 17, or
18 of Article VII of the Constitution of Texas.  All such pro-
jects for major repair or rehabilitation of buildings and facil-
ities costing in excess of $25,000.00, requires the approval of
the Coordinating Board.

In answer to your fifth question, the Coordinating
Board has the statutory responsibility under Subdivision 5 of
Section 15, Article 2919e-2, Vernon's Civil Statutes, to endorse
the purchase of any real property by an institution of higher
education other than public junior colleges in the event such
institution of higher education has pre-existing statutory

Mr. Lester E. Harrell, Jr., page 5 (C-686)

authority to purchase real property.  In such event, no additional approval by the Legislature is necessary after the Coordinating Board has endorsed the purchase as provided in Subdivision 5 of Section 15 cited above.

### SUMMARY

The Coordinating Board created by House Bill 1, Acts of the 59th Legislature, Regular Session, 1965, has the statutory responsibility to approve or disapprove all new construction, the total cost of which is in excess of $100,000.00 which is financed from any source other than ad valorem tax receipts of public junior colleges unless such project involves the use of constitutional funds authorized by Sections 11, 17, or 18 of Article VII of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: John Reeves
John Reeves
Assistant Attorney General

JR:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Phy
John Banks
Robert Flowers
Malcolm L. Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright